**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Patrick PRESSLEY, Defendant-Appellant.**

**No. 28385.**

United States Court of Appeals, Fifth Circuit.

June 3, 1970.

It is urged that the in-court identification was tainted by the line-up and that the line-up was conducted in an illegal manner. Appellant was represented by counsel at the line-up. See United States v. Wade, 1967, 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149, on the right to counsel at a line-up. The line-up, considered in the totality of the circumstances surrounding it, did not violate due process. Stovall v. Denno, 1967, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Foster v. California, 1969, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402.

The evidence in question was admitted after a full hearing on a motion to suppress. The ruling that it was admissible, perforce, rested on a determination that appellant's right to counsel was not violated and that the line-up did not violate due process concepts.

Affirmed.

Robert W. Miller, Atlanta, Ga. (Ct. Apptd.), for appellant.

Walker P. Johnson, Jr., U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was convicted of violating 18 U.S.C.A., § 2113(d), armed robbery of a bank, the deposits of which are insured by the Federal Deposit Insurance Corporation. The trial was to a jury on a plea of not guilty.

The error assigned as the alleged inadmissibility of testimony by several witnesses regarding a prior line-up and of the in-court identification testimony of a bank employee. The employee identified appellant as being the robber of the bank. The robbery took place some two years before the trial and before an out-of-court line-up where the same bank employee identified appellant.